## CIRCUIT COURT OF SPOTSYLVANIA COUNTY

Triple H Contracting, Inc.

v.

The Strong Companies, Inc.

September 2, 1999

Case No. CL98-170

By Judge William H. Ledbetter, Jr.

This contract dispute involves work performed by the plaintiff (Triple H) for the defendant (Strong) under a construction contract dated August 13, 1997. Triple H alleges that Strong owes it $287,465.75 under that contract. In a motion to compel, Triple H seeks more detail and specificity regarding Strong's defensive claims of "recoupment" and "setoff." The parties have submitted memoranda in support of their positions.

Strong contracted with Washington Gas Company to provide new gas service to customers of Washington Gas, converting residential power supply from electricity to gas. Strong subcontracted certain tasks to Triple H, and Triple H proceeded to perform the work as Strong's subcontractor. At some point, controversy arose. Strong stopped paying Triple H's invoices, and Triple H refused to perform any more work. This action followed.

In its interrogatories to Strong, Triple H seeks information regarding Strong's claim of recoupment and setoff *as to each invoice* submitted by Triple H to Strong. In response, Strong provided a three-page list of the 129 jobs involved in this controversy, setting forth the amount of Triple H's invoice for each job and the amount of setoff claimed by Strong for unfinished work with respect to each job. Strong also made its business records available.

Triple H contends that the responses are not complete because it is entitled to all the specific, detailed information requested so that Strong's claims of recoupment and setoff can be correlated with each job, thereby enabling Triple H to defend the claims with particularity.

The court agrees that Triple H is entitled to a break-down of Strong's claim of setoff so that the claim can be accurately and precisely identified job by job.

This is not as difficult as it may seem at first blush because the parties agree that (1) each of Triple H's 129 invoices references a particular job; (2) both parties maintained records on a job-by-job basis; and (3) Strong maintained a separate file for each job which contains Triple H's invoice, a description of the work performed, and other pertinent information regarding that job. Further, Strong has provided a dollar amount of setoff attributable to each job for allegedly unfinished or incomplete work.

Therefore, all that is left for Strong to do is to state with particularity what that dollar amount is for, i.e., why that particular dollar amount is claimed as a setoff against Triple H's invoice for that job.

Strong argues that Triple H can obtain that information from Strong's business records and that Strong has produced those records under Rule 4:8(f).

The court agrees with Strong that its production of the business records, consisting of individual files for each of the 129 jobs, is sufficient response to all of Triple H's other interrogatories regarding job-by-job information but disagrees that those records are a sufficient answer to Triple H's principal question, discussed above.

In sum, Triple H is entitled not only to know the precise amount of the setoff claimed *for each job*, but also the factual basis for that amount *for each job*. The business records produced by Strong do not provide that information. Thus, Strong will provide such information in response to Triple H's interrogatories within twenty-one days of the order memorializing this ruling, with the condition that such responses must be timely supplemented when and if additional alleged deficiencies in the work are discovered.

The balance of the motion to compel will be denied for the reason that the business records suffice, as governed by Rule 4:8(f).